CASE 10—PETITION ORDINARY—DECEMBER 7.

## Hill, &c., vs. Turner.

APPEAL FROM MADISON CIRCUIT COURT.

When it appeared that the failure to make a debt was not the sheriff's fault, and certainly did not result from his failure to return the execution within thirty days after the return day thereof, the plaintiff in the execution had no legal right to recover against him any portion of his uncollected debt under *section* 4, *article* 18, *chapter* 56, *Revised Statutes.* The amendatory act of August 28th, 1862 (*Myers' Sup.*, 213), did not apply in this case, because it was enacted while this suit was pending. The plaintiff in the execution, consequently, was legally entitled to recover thirty per cent. on the uncollected balance of his execution for the failure to return within the thirty days.

BURNAM & CAPERTON,                          For Appellants,

CITED—

*Myers' Supplement*, 213.

1 *Littell*, 48; *Commonwealth vs. Bradley.*

*Revised Statutes*, chap. 36, sec. 4.

S. TURNER,                                  For Appellee,

CITED—

*Myers' Sup. to Rev. Stat.*, 213; *Act of Aug.* 28, 1862.

Hill, &c., vs. Turner.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

This action, as finally prepared, seeks from the sheriff and his sureties a balance uncollected by execution, and thirty *per cent.* thereon for the sheriff's failure to return the execution until the expiration of thirty-one days after the return day. The return day was the 13th of May, 1861, and the official return was made on the 13th of June, 1861, which, as there were thirty-one days in May, was one day beyond thirty days after the return day. The petition alleges the insolvency of the execution debtors shortly after the return of the execution; but also alleges that the debt might have been made under the execution.

The answer denies that more could have been made than was collected and returned by the sheriff; and, on that issue, the only proof is the return itself of the fact that a small portion of the property levied on was not sold for want of bidders, and that the appellee procured no *venditioni exponas,* but had another *fi. fa.* issued and made returnable to the 1st of March, 1862, under the statute of 1861 suspending certain civil proceedings, including executions, and which last *fi. fa.* was levied on other property never sold because it was mortgaged, and the appellee failed to indemnify the sheriff for a sale of it.

From these facts we cannot judicially presume that any portion of the appellee's debt was lost by the nonprecise return of the first execution, but must infer that, if more might have been made than was made, the failure to make it was not the sheriff's fault, and *certainly did not result from his failure to return the execution within thirty days after the return day;* and, consequently, as the debtors are insolvent, the appellee has no legal right in this action to recover (under article 18, chapter 56, section 4,

of the Revised Statutes, according to which he is proceeding) any portion of his uncollected debt.

The amendatory act of August, 1862 (*Myers' Sup.*, 213), does not apply, because it was enacted while this suit was pending, and also because it authorizes a discretionary fine from ten to one hundred dollars only when the whole amount of the execution shall have been paid after the failure to return it for thirty days after the return day; and, in rendering the judgment for one hundred dollars, the circuit court seems to have erroneously acted under this last statute.

It seems to us, therefore, that the appellee has shown himself entitled to only thirty *per cent.* on the uncollected balance of his execution, and which is not one half of one hundred dollars.

Wherefore, the judgment being for too much, is reversed, and the cause remanded for further proceedings.